BOEHM, BENDHEIM & COMPANY *vs.* NELSON.

That a tenant has formed a partnership secretly, or has sold his goods secretly, and with a purpose, known to the partner or purchaser, of defrauding his landlord of rent, some of it due and some not due, is no reason why the landlord should maintain a bill in equity against the tenant and the partner or purchaser, it not being alleged that the partner or purchaser is insolvent, or that the goods will not be forthcoming to satisfy the rent; more especially, where most of the rent is due and distress warrants for the same have been levied upon the goods before the filing of the bill.

Equity.  Landlord and tenant.  Before Judge GRICE. Bibb Superior Court.  April Adjourned Term, 1878.

Nelson filed his bill against Iglauer, of the county of Bibb, and Boehm, Bendheim & Co., of the county of Chatham, alleging the following facts :  Complainant rented to said Iglauer his store, No. 72, on Cherry street, in the city of Macon.  In the year 1873, the contract of rent was renewed, to commence on October 1st, 1873, and to terminate on October 1st, 1875.  Under this contract Iglauer owes complainant the aggregate sum of $843.50, besides interest.  ·

On the the 22d of July, 1875, complainant got Iglauer to accept two drafts of $300.00 each, one payable sixty days, and the other ninety days, after date.  He discounted these drafts at a loss of $22.80, which amount was charged up to Iglauer according to agreement.  When the first fell due, complainant paid off the same and now holds it against Iglauer. The other draft falls due on October 22d next, (1875) when he expects to be compelled to take it up also.  The consideration of said drafts was rent of the store above mentioned, which was due when they were made.  Complainant is advised that he cannot sue on the one not yet due.  On the 25th day of the present month, complainant sued out a distress warrant against said Iglauer on the draft already due, and had the same levied on certain goods in said store, which had been in possession of Iglauer for several months, and the same were claimed by Boehm, Bendheim & Co., through one Henry Bendheim as their agent.  He has since sued out a distress warrant for $243.10, balance due, exclusive of said last draft, and had the same levied on goods in said store.  Complainant understands that a partnership arrangement has been recently entered into between Iglauer and Boehm, Bendheim & Co., the terms of which he knows not, by which the latter claim to be interested in the property levied on.  The claim filed by said firm does not disclose the names of the members thereof, but complainant charges that Iglauer is a partner and interested in the property

levied on.   The said H. Bendheim has been in said store,
apparently connected with the business thereof, for several
months past, and he and said firm were fully aware of
Iglauer's indebtedness to complainant at the time said firm
became interested in said goods, a portion of which he has
levied upon.   Iglauer has no property or means outside of
his interest in said goods, or what said firm may owe him.

H. Bendheim has more than once, in the last four months,
paid complainant, apparently as agent or book-keeper of Ig-
lauer, money for rent of said store.   Neither he, nor the
firm he pretends to represent, has intimated to complain-
ant the purchase by them of the stock or property of Iglauer.
They have not made public any such purchase.   He believes
that whatever arrangement they have made was to hinder,
delay and defraud him in collecting his rent.   He charges
collusion between the parties.   He cannot tell the state of
accounts between them except by inspection of said contract
and their books, neither of which will they allow him to
inspect.   On account of this collusion he fears that these
parties, unless restrained, will so tamper with their books
that complainant cannot discover the true state of the ac-
counts between them.   He does not know where the mem-
bers of said firm reside; the claim filed does not disclose,
but H. Bendheim, their pretended agent and a single man,
has been residing in Macon for several months past, and is
still apparently a resident of Bibb.

Prayer for injunction to restrain said parties from tam-
pering with the books, contracts, etc., and an order requiring
them to produce the same in court and deposit them with
the clerk, where complainant can see them; also to restrain
Iglauer from selling any of the goods; and to restrain
Boehm, Bendheim & Co. from paying him anything what-
ever, for general relief, etc.

The bill was subsequently amended by charging that since
September 1st, 1875, Boehm, Bendheim & Co. have
removed the entire stock of goods from the store, and by
praying that they may be decreed to pay to complainant for

the use and occupation of said store from the time they claim to have bought out said Iglauer.

The defendants demurred to the bill because it contained no equity, and because complainant has a complete common law remedy.

The demurrer was overruled and the case proceeded to trial. The jury found for the complainant against all of the defendants $843.50, with interest from September 1st, 1875.

A motion was made for a new trial by Boehm, Bendheim & Co., amongst numerous other grounds, because the court erred in overruling the demurrer. A new trial was refused and movants excepted.

WHITTLE & WHITTLE; G. W. GUSTIN, for plaintiff in error, cited 58 *Ga.*, 11; Code, §§1947, 3295, 2710; 32 *Ga.*, 165.

LANIER & ANDERSON; HILL & HARRIS, for defendant.

BLECKLEY, Justice.

If by purchase or partnership, a third person aids a tenant to defraud his landlord of rent, knowing of his purpose to do so, it is a tort for which an action at law will lie, and a recovery may be had to the extent of the damage sustained. On the facts alleged in the bill, the demurrer thereto for want of equity should have been sustained.

Judgment reversed.